**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30109 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-06032-LRS-1 |
| v. | |
| SAMUEL SOTO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Submitted May 10, 2012[**]
Seattle, Washington

Before: GOULD, BYBEE, and BEA, Circuit Judges.

The district court denied Samuel Soto's motion to suppress evidence

discovered pursuant to a search of his home and vehicle. The court sentenced him

to 91 months' imprisonment for being a felon in possession of a firearm in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Soto argues that based on the affidavit supporting the search warrant, there was insufficient probable cause to believe that guns or narcotics would be found in his home. Soto concedes that the confidential human source ("CHS") was qualified as a reliable source for unrelated incidences, but argues that, as related to Soto, CHS's statements were conclusory, uncorroborated, unsupported, and lacked a background or basis of knowledge.

The prior examples of CHS's reliability, which were all contained in the affidavit, permitted CHS's statements relating to Soto to be viewed as more reliable or with a heightened "inference of trustworthiness." *United States v. Jennen*, 596 F.3d 594, 599 (9th Cir. 2010) (internal quotation marks omitted); *see also Illinois v. Gates*, 462 U.S. 213, 244 (1983) ("Because an informant is right about some things, he is more probably right about other facts . . . ." (internal quotation marks omitted)). The affidavit supporting the search warrant for Soto's home credited CHS, who was already a reliable informant, with informing police that Soto was transporting drugs from his home using one of three described vehicles; knowing that Soto was a gun collector and seeing guns at Soto's residence two to three months prior; knowing that Soto bought 500 rounds of

2

ammunition two to three months prior; and observing narcotics at the residence two days before the affidavit was prepared and the warrant was issued. The police confirmed that the vehicles were in fact driven by Soto and parked at Soto's residence and were registered as owned by Soto's wife, and that Soto had a prior drug conviction. Given the totality of the circumstances, *see Gates*, 462 U.S. at 238, the magistrate did not err in concluding that there was a reasonable probability that evidence of a crime would be found in Soto's residence.[1]

Soto further faults the inclusion of facts about vehicles that he drove in the affidavit because it is merely an observation. Innocent behavior, when viewed in context, can be indicative of a crime. *See United States v. Chavez-Miranda*, 306 F.3d 973, 978 (9th Cir. 2002). In this case, the affidavit attributes to CHS information about three vehicles that Soto drove to transport cocaine. This information was relevant both for substantiating CHS's reliability and for providing evidence of the means of Soto's transportation of the drugs. Thus, the

---

[1]The affidavit also included details about a vehicle search conducted pursuant to a felony arrest of Soto on April 15, 2008, the morning that the search warrant for the residence was obtained. The validity of this search, and thus the exclusion of the guns and drugs found during that search, was also at issue in this appeal. Because we find that there was sufficient probable cause to issue the warrant based solely on the other information in the affidavit, we do not reach this issue.

magistrate did not err in considering this information when making the probable

cause determination.

**AFFIRMED.**